UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIELSEN TORRES CUERO, | No. 1:26-cv-01864-DJC-CSK |
| Petitioner, | |
| v. | ORDER |
| PAMELA BONDI, et al., | |
| Respondents. | |

Petitioner Nielson Torres Cuero is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1).  The Court has previously addressed the legal issues raised in Count 1 of the Petition.  *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 202); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus as to Count 1 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders.  (ECF No. 3.)  Respondents argue that this case is distinguished by the fact that Respondents gained information about Petitioner's prior criminal history after Petitioner's release and that Petitioner is subject to expedited removal under 8 U.S.C.

1

§ 1225(b)(1)(A)(iii).  (ECF No. 9 at 2.)  Under the facts presented this distinction does not meaningfully affect the outcome of this case.

The DHS records before the court unequivocally show that Petitioner was "released on parole" into the United States.  (*See* Decl. of Deportation Officer Santiago Rodriguez (ECF No. 9–4) ¶ 6; *see also* ECF No. 9-1 at 3; ECF No. 10–4 at 2.) Section 1225(b)(1)(A)(iii)(II) expressly states that "[a]n alien described in this clause is an alien . . . who has not been admitted or paroled into the United States[.]"   As such, Petitioner cannot be subject to detention and expedited removal under 8 U.S.C. § 1225(b)(1)(A)(iii), as the undisputed evidence provided by both parties shows that Petitioner was paroled into the United States in 2023.

Petitioner has remained out of custody since that time and, for the reasons discussed in the cases cited above, is entitled to due process protections in the revocation of his release.  Respondents cite three convictions that occurred in 1995, 2010, and 2011 in their response.  (*See* ECF No. 9-1 at 3.)  While these may be relevant to the determination of risk of dangerousness or flight, the mere existence of convictions from over fifteen years prior, and well predating Petitioner's present release, does not provide a justification for taking Petitioner into custody without providing him with a hearing.  Indeed, Petitioner disputes that two of these convictions exist, evidence of which he could present at a hearing before an Immigration Judge. (*See* ECF No. 10 at 8.)  The evidence before the Court is that Petitioner has not received even the minimum of a post-deprivation hearing even though Petitioner has remained in custody since January 2025.

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for

Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated in those prior orders.[1]

Within five (5) days of this Order, Respondents shall afford Petitioner Nielsen Torres Cuero a constitutionally adequate bond hearing before an Immigration Judge. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **March 20, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

3