UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIELSEN TORRES CUERO, | No. 1:26-cv-01864-DJC-CSK |
| Petitioner, | |
| v. | ORDER |
| PAMELA BONDI, et al., | |
| Respondents. | |

Petitioner Nielsen Torres Cuero is an immigration detainee who received a bond hearing before an Immigration Judge in response to this Court's prior Order that Respondents provide him with one.  At the bond hearing, the Immigration Judge denied bond, concluding that Petitioner was a danger to the community and a flight risk.  Petitioner now files a Motion challenging the bond hearing he received, contending that it was constitutionally inadequate.  For the reasons discussed below, Petitioner's Motion is DENIED.

On March 23, 2026, this Court granted Petitioner's Writ of Habeas Corpus and ordered Respondents to provide Petitioner with a bond hearing within five(5) days. (Prior Order (ECF No. 11).)  Judgment was entered the same day.  (ECF No. 12.)  On March 24, 2026, Petitioner received a bond hearing before an Immigration Judge. (See Kim Decl. (ECF No. 14-2) at Ex. A.)  On March 26, 2026, Petitioner filed a Motion

1

to Enforce the Court's judgment granting his Petition for Writ of Habeas Corpus.  (Mot. (ECF No. 14).)  The Motion is fully briefed.  (Resp. (ECF No. 18); Reply (ECF No. 21).)

The Court directed Respondents to lodge the audio recording of the bond hearing (ECF No. 20), however, after lodging the recording, Respondents notified the Court that the audio of the Immigration Judge's voice in the hearing was "unrecoverable" as it "most likely resulted from the immigration judge's microphone not being powered on during the hearing." (ECF No. 22.)  Consequently, Respondents decided to submit on their prior briefing.  (*Id.*)

## I.  Motion to Enforce

Petitioner claims the Immigration Judge did not follow this Court's prior order in several ways, which is addressed below.  (*See generally* Mot.)  In rebuttal, Respondents assert that Petitioner has not exhausted his administrative remedies and that bond hearing was constitutionally sufficient.  (*See generally* Resp.)

### A.  Administrative Exhaustion

Beginning with administrative exhaustion, while the habeas statute itself, 28 U.S.C. § 2241, does not require exhaustion, *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004), "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241[,]" *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2004).  Waiver of the prudential exhaustion requirement is appropriate here as this Court and many other district courts have previously found.  *See, e.g.*, *Singh v. Andrews*, No. 1:25-CV-01543-DJC-SCR, 2025 WL 3523057, at *2 (E.D. Cal. Dec. 9, 2025); *C.A.R.V. v. Wofford*, No. 1:25-cv-01395-JLT-SKO, 2026 WL 241823, at *6 (E.D. Cal. Jan. 29, 2026).

### B.  Sufficiency of the Bond Hearing

Petitioner challenges several aspects of the Immigration Judge's conduct during the bond hearing, including: 1) the Immigration Judge's alleged failure to properly place the burden of proof on Respondents; 2) the alleged unlawful use of a decades-old conviction and unreliable documentation to find Petitioner was a danger

and flight risk; 3) the Immigration Judge's *sua sponte* finding of flight risk; and 4) the biased conduct of the proceedings.  (Valencia Decl. (ECF No. 14-1) ¶ 4.)  Given the lack of an audio translation of the bond hearing that includes the Immigration Judge's words, the Court will accept the factual allegations in Petitioner' filing, specifically the Kim Declaration, as true.

In constitutional challenges to an Immigration Judge's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard.  *Martinez v. Clark,* 124 F.4th 775, 784 (9th Cir. 2024).  This type of review does not involve "reweigh[ing] evidence" but rather determining whether the Immigration Judge "applied the correct legal standard."  *Id.* (citation and quotations omitted).  "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'"  *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (citation and quotations omitted).  The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."  *Hernandez v. Sessions,* 872 F.3d 976, 981 (9th Cir. 2017).  Courts may review an Immigration Judge's finding that an alien poses a flight risk for abuse of discretion.  *See Zaitsev v. Warden,* No. 2:26-cv-00454-SPG-AS, 2026 WL 391429, at *10 (C.D. Cal. Feb. 9, 2026) (collecting cases).

### 1.  Burden of Proof

The Court first considers whether the Immigration Judge applied the incorrect legal standard at the bond hearing or improperly placed the burden on Petitioner.  According to Petitioner's declaration, the Immigration Judge stated the Department of Homeland Security "had the burden of proof to prove through clear and convincing evidence" that Petitioner was a danger or flight risk.  (Kim Decl. ¶ 8.)  Petitioner contends the Immigration Judge's statement was contradicted by his conduct because the Immigration Judge "simply accepted [Respondents'] document

3

submission" rather than considering the recency and severity of the predicate criminal offense(s) to determine whether he was currently a danger.  (Mot. at 12–14.)

The Ninth Circuit has explained that if the immigration court "expressly cited and applied the relevant case law in rendering its decision," the Court accepts that it "applied the correct legal standard," unless there is an indication that "something is amiss."  *Martinez*, 124 F.4th at 785 (cleaned up); *see Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).  Here, according to Petitioner's declaration, the Immigration Judge cited the correct standard as required by this Court's prior order.  The question is whether the Immigration Judge applied the relevant case law appropriately: "the Court must decide whether the [Immigration Judge] relied upon proof that—as a matter of law—could not establish" Petitioner's dangerousness or risk of flight.  *Kharis v. Sessions*, No. 18-cv-04800-JST, 2018 WL 5809432, at *5 (N.D. Cal. Nov. 6, 2018).

### 2.  Dangerousness Finding

The Kim Declaration by Petitioner's counsel does not establish that the Immigration Judge failed to consider all the relevant factors in determining Petitioner's dangerousness.  A noncitizen attempting to establish a due process violation through an Immigration Judge's alleged failure "to consider relevant evidence must over come the presumption that [the Judge] did review the evidence."  *Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095–96 (9th Cir. 2000).  Petitioner does not rebut this presumption.

The Immigration Judge asked Petitioner's counsel if Petitioner admitted to the three convictions listed on the I-213 form and Petitioner conceded to one of them, explaining that the 1995 offense in Colombia for extortion and kidnapping was a "purely political offense" and he was "wrongfully convicted due to his political beliefs." (Kim Decl. ¶ 8.)  In response, according to Petitioner, "Immigration Judge Amaya simply stated that the existence of the conviction alone was sufficient to show he was guilty of committing it."  (*Id.*)  In the order denying bond, the Immigration Judge wrote

that he had considered the totality of the evidence and gave the evidence presented "full consideration" and determined that Petitioner was both a danger and a flight risk based on this single conviction in Colombia.  (Bond Order (ECF No. 14-5).)

In issuing his decision, the Immigration Judge must provide "a reasoned explanation for [his] actions."  *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).  Accordingly, "[d]angerousness is a 'fact-intensive' inquiry that requires the 'equities be weighed.'"  *Martinez*, 36 F.4th at 1229 (9th Cir. 2022) (citation omitted).  In determining dangerousness, the Immigration Judge must evaluate "the recency and severity of the offenses."  *Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011).  Importantly, the BIA decision in *Matter of Guerra* "contemplates that criminal history alone will not always be sufficient to justify denial of bond on the basis of dangerousness."  *Id.* (discussing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).)  Here, in the Kim Declaration, Petitioner acknowledged the 1995 conviction but disputed its validity.  (Kim Decl. ¶ 8.)  While Petitioner argues in his moving papers that the Immigration Judge did not consider the severity and recency of the 1995 conviction as *Singh* requires, the Declaration does not anywhere state that the Immigration Judge did not consider the required factors.  (*See* Kim Decl.)  Rather, the Declaration appears to indicate the opposite, stating that the Immigration Judge at least inquired into Petitioner's alleged convictions.  (*Id.* ¶ 8 ("The Immigration Judge . . . [made] increasingly accusatory assertions regarding [Petitioner's] criminal convictions.")  Without complete audio or a transcript available to the Court, the Court cannot simply infer from Petitioner's declaration that the Immigration Judge failed to consider the thirty-year age of the 1995 conviction or its severity or failed to "meaningfully consider the impact of the passage of time on the persuasive value of petitioner's criminal history, as required by *Singh*."  *Calderon-Rodriguez v. Wilcox*, 374 F. Supp. 1024, 1036 (W.D. Wash. 2019).

Petitioner's cited authority does not change this conclusion.  Even assuming without deciding the 1995 conviction was for kidnapping and extortion rather than a

trumped-up "political offense," as Petitioner contends, this case is distinguishable from the situation in *Judulang v. Chertoff*.  In *Judulang*, "where Petitioner's only relevant conviction for violence is nearly [30] years old and *no other evidence indicating dangerousness was put forward*, the [Immigration Judge's] finding of present dangerousness was an error of law."  562 F. Supp. 2d 1119, 1127 (9th Cir. 2008) (italics added) (concluding twenty-year-old conviction of voluntary manslaughter insufficient, standing alone, for dangerousness finding).  Here, in contrast to *Judulang*, both Petitioner and Respondents submitted evidence and the Immigration Judge had a full evidentiary record before him.  In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. . . ."  *Quan*, 2021 WL 308610, at *4.  The order denying bond also sufficiently explained the basis for the Immigration Judge's decision.  In immigration proceedings, "[d]ue process requires a minimum of clarity in dispositive reasoning[.]" *Su Hwa She v. Holder*, 629 F.3d 958, 963 (9th Cir. 2010), *superseded by statute on other grounds as stated in Ferrer-Rodriguez v. Blanche*, No. 25-1161, 2026 WL 1093348, at *2 n.3 (9th Cir. Apr. 22, 2026).

Accordingly, the Court concludes the Immigration Judge did not abuse his discretion in finding Petitioner was a danger and in denying bond.  Because an Immigration Judge may deny bond on a finding of either danger or flight risk, the Court need not address Petitioner's remaining arguments.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Enforce (ECF No. 14) is DENIED.

IT IS SO ORDERED.

Dated:  __**June 2, 2026**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE